**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
Southern Division

| | |
|---|---|
| **DOROTHY ELLINGTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CBD 04-3338 |
| ) | |
| **SUPERVALU, INC.** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM OPINION GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff Dorothy Ellington, filed this removed negligence action against Defendant SuperValu, Inc.[1] On June 30, 2001, Plaintiff suffered a fall at the Shoppers Food Warehouse ("Shoppers") located in Oxon Hill, Maryland. Now before this Court is Defendant's Motion for Summary Judgment ("Defendant's Motion")(Docket Item No. 25), Plaintiff's opposition ("Plaintiff's Opposition"), and Defendant's reply ("Defendant's Reply"). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons below, the Court hereby GRANTS Defendant's Motion.

**I.  STANDARD OF REVIEW**

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[1]Shoppers Food Warehouse was acquired by SuperValu, Inc. in 1999 as part of its purchase of Richfoods Holdings, Inc.

1

matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).  A court must construe the facts alleged and reasonable inferences in favor of the nonmoving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

To prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of fact exists and that it is entitled to judgment as a matter of law.  *Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).  The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.  "[T]he burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

"Once the moving party discharges its burden . . . , the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Kitchen v. Upshaw*, 286 F.3d 179, 182 (4th Cir. 2002).  Where the nonmoving party has the burden of proof, it is that party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The disputed facts must be material to an issue necessary for the proper resolution of the case." *Thompson Everett, Inc. v. Nat'l. Cable Adver., L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## II.  BACKGROUND

Plaintiff was shopping in the produce department at Shoppers on Saturday, June 30, 2001, at approximately 8:30 a.m.  Plaintiff slipped and fell into a pool of water leaking from beneath Defendant's produce display case.  Plaintiff's Deposition ("Pl's Dep.") at 24.  At the time of the fall, Plaintiff was accompanied by her husband, Phillip Ellington.  Phillip Ellington's Deposition ("P.E. Dep.") at 14-15.  Neither Plaintiff, nor her husband, saw the water on the floor prior to Plaintiff's fall.  P.E. Dep. at 14-15.  There was no warning about the water from other patrons prior to the fall.  P.E. Dep. at 14-15.  Mr. Ellington testified that "it was a lot of water there, maybe about four feet of water."  P.E. Dep. at 8, 14.  As a result of the fall, Plaintiff sustained injuries to her back, left wrist, head and possibly her knees.  Pl's Dep. at 34-35.

Mr. Ellington testified that on the day of the incident, a Shopper's employee said the water came from the produce display case.  P.E. Dep. at 14-15.  Virginia Evans, Defendant's front-end manager on-duty at the time of the incident, testified that the water was a result of the leaking display case.  Virginia Evan's Deposition ("V.E. Dep.") at 64.  Cory Dorsey, Defendant's produce manager, testified that after Plaintiff's fall, he discovered the display case leaked because "one of the drains were clogged" by a build up of sludge.  Cory Dorsey's Deposition ("C.D. Dep.") at 20-22.  He discovered the problem when he "pulled the case panel off," "looked underneath the case," and "saw that the drain was clogged."  C.D. Dep. at 20-22.

According to Mr. Dorsey, this was the first time since the recent "grand opening" of Shoppers that this or any similar problem occurred with the produce display cases.  C.D. Dep. at 20-22.; Corey Dorsey Affidavit ("C.D. Affd.") ¶¶ 4, 7.  When the accident occurred, the produce display case was "brand new."  C.D. Dep. at 22-25; C.D. Affd. ¶ 5.  Mr. Dorsey testified that he

3

was familiar with the problem that sludge poses and has previously dealt with sludge build up in other produce display cases. C.D. Dep. at 22-25. Ms. Evans states "there is no [inspection] schedule" for machinery and cases such as the produce display case involved in the accident. V.E. Dep. at 61-62. However, Mr. Dorsey states that the produce manager inspected the produce display cases once a week. C.D. Affd. ¶ 6.

Defendant's sweep log shows that the produce area was "swept" at 8 a.m., approximately thirty minutes before the incident. V.E. Dep. at 55. Ms. Evans testified that there is no way of knowing if somebody actually conducts a walk through prior to signing the sweep log nor was there any procedure to assure the "integrity" of the logs. V.E. Dep. at 55.

Both parties agree that *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 113 A.2d 405, (1955) is applicable to the present case. Defendant's Motion at 6; Plaintiff's Opposition at 10. Defendant principally contends, however, that "the Plaintiff cannot show any evidence that the injuries sustained were a direct consequence of [Defendant's] negligence." Defendant's Motion at 8. Defendant argues that Plaintiff may only possibly proceed under a "constructive notice" theory of negligence because there is no evidence that Defendant created the dangerous condition or had actual knowledge prior to the accident. Defendant's Motion at 8. As a result, Defendant argues that *Moulden v. Greenbelt Consumer Services, Inc.*, 239 Md. 299, 210 A.2d 724 (1965) and *Maans v. Giant Food, Inc.*, 161 Md. App. 620, 871 A.2d 627 (2005) controls and mandates that this Court rule for Defendant as a matter of law. Defendant's Motion at 9.

Plaintiff contends, in opposition, that Defendant's malfunctioning produce display case created the dangerous condition. Plaintiff's Opposition at 10. Plaintiff argues that the facts, viewed in the light most favorable to Plaintiff, is sufficient to show that Defendant's negligent

maintenance, inspection, and failure to take corrective steps proximately caused Plaintiff's harm. Plaintiff's Opposition at 13.  Plaintiff contends that the deposition testimony of Ms. Evans and Mr. Dorsey is admissible evidence sufficient to establish that Defendant's malfunctioning produce case created a hazard.  Plaintiff's Opposition at 10.

### III.  DISCUSSION

In Maryland, the duty that an owner or occupier of land owes to persons entering onto the land varies according to the visitor's status as an invitee (i.e., a business invitee), a licensee by invitation (i.e., a social guest), a bare licensee, or a trespasser.  *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 387-88, 693 A.2d 370, 374 (1997) (citations omitted). The highest duty is owed to a business invitee, defined as "one invited or permitted to enter another's property for purposes related to the landowner's business." *Id.* at 388, 693 A.2d at 374.

Storekeepers, such as Defendant, owe their business invitees or customers a duty of ordinary and reasonable care to maintain their premises in a reasonably safe condition.  *Moulden*, 239 Md. at 232, 210 A.2d at 725.  The customer is entitled to assume that the storekeeper will exercise reasonable care to ascertain the condition of the premises, and, if he discovers any unsafe condition, he will either take such action as will correct the condition and make it reasonably safe or give a warning of the unsafe condition.  *Rawls*, 207 Md. at 117-18, 113 A.2d at 407.  The duties of a storekeeper thus include the obligation to warn customers of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers. *Tennant*, 115 Md. App. at 388, 693 A.2d at 374.

Nevertheless, storekeepers are not insurers of their customers' safety, and no

presumption of negligence arises merely because an injury was sustained on a storekeeper's premises. *Rawls*, 207 Md. at 118, 113 A.2d at 407. A storekeeper's liability under negligence principles for a customer's injuries arises only from a failure to observe the duty of ordinary and reasonable care. *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636, 640 A.2d 1134, 1135 (1994) (citations omitted).

### A. Plaintiff has Failed to Present Record Evidence of Defendant's Actual or Constructive Notice of the Leaking Produce Display Case

In *Rawls*, the Court of Appeals held that the plaintiff's proof was insufficient to establish that the defendant was negligent as a matter of law. The customer, after waiting outside in the rain for the store to open, fell down the interior stairs upon entry. She alleged that there was water on the stair that caused her to slip. The plaintiff could neither prove that the water was present prior to her fall nor that the water was present because of the defendant's negligence. The Court opined, "even assuming that there was some water on the stairway before plaintiff fell, there was no evidence to indicate how it had been brought there or how long it had been there." *Rawls*, 207 Md. at 117, 113 A.2d at 407. Furthermore, the mere presence of the water did not justify "the inference that it had been long enough to enable defendant to discover and correct it by the exercise of ordinary care." *Id.*, 113 A.2d at 407.

In *Moulden*, the Court of Appeals affirmed the trial court's grant of a directed verdict where "there was no evidence of actual or constructive notice of a dangerous condition." *Moulden*, 239 Md. at 233, 210 A.2d at 725. There, the appellant asserted that she slipped on a string bean on the floor in the aisle of the store's frozen food department. The Court rejected the argument that the coloring of the bean and its location were sufficient to make a prima facie case which required the proprietor to proceed with its evidence. The Court opined that "[t]he bean

6

may have fallen from a grocery cart a few moments before she walked up the aisle." *Id.*, 210 A.2d at 725. Thus, without speculation, the plaintiff failed to establish that the defendant's negligence was the proximate cause of the complained-of injury.

In *Maans*, the Court of Special Appeals affirmed the trial court's grant of a motion for judgment. The customer slipped and fell on a liquid near the check-out registers. The trial court granted the store's motion for judgment upon determining that the customer failed to prove that the store had either constructive or actual notice of the wet floor. There, the plaintiff "did not see anything on the floor before or after she fell." *Maans*, 161 Md. App. at 624, 871 A.2d at 629. The plaintiff neither felt water, nor were her clothes wet and she "did not know how the water got on the floor or how long it had been there prior to her fall." *Id.*, 871 A.2d at 629. The defendant's ranking employee on duty testified that she found "a couple of drops of Citra soda on the floor." *Id.*, 871 A.2d at 629. According to testimony, "the drops led directly from [another] customer's shopping cart back to where Maans fell." *Id.* at 625, 871 A.2d at 629.

The *Maans* court reaffirmed that "the burden is on the customer to show that the proprietor created the dangerous condition or had actual or constructive knowledge or its existence prior to the invitee's injury." *Id.* at 628, 871 A.2d at 630. (citations omitted). The court found it fatal that, even assuming defendant breached its duty to make reasonable inspections, the plaintiff failed to "produce any evidence that had Giant made reasonable inspections prior to the accident it would have discovered the water on the floor in time to prevent the accident." *Id.* at 632, 871 A.2d at 634.

It is clear under *Rawls, Moulden* and *Maans*, absent evidence of actual or constructive notice of the dangerous condition in sufficient time to warn or make safe, Defendant is entitled to

judgment as a matter of law.  Defendant points out, and the record evidence shows, that Plaintiff cannot establish that the water was present for an unreasonable period prior to the accident.  Thus, the mere presence of water provides no support for the contention that Defendant was on actual or constructive notice of the dangerous condition.  Defendant is entitled to judgment as a matter of law.

### B. Plaintiff has Failed to Present Record Evidence That Had Defendant Periodically Inspected the Premises That the Dangerous Condition Would Have Been Discovered

It is undisputed that Defendant's malfunctioning produce display case and the clogged drain were responsible for the presence of water on Defendant's floor.  Mr. Dorsey, the produce manager, was familiar with the problem and readily knew how to fix it.  As in *Maans*, "[t]he adoption of [these] assumptions however, does not aid the [Plaintiff]." *Maans*, 161 Md. App. at 632, 871 A.2d at 634.

Assuming, *arguendo,* that Defendant had a duty to periodically inspect and breached its duty to Plaintiff, Plaintiff has not proffered any record evidence showing that had Defendant inspected, Plaintiff's injury would have been avoided. *Id.*, 871 A.2d at 634-35 ("Appellant failed to produce any evidence that had Giant made reasonable inspections prior to the accident it would have discovered the water on the floor in time to prevent the accident. . . . This is fatal to her argument that Giant is liable because it breached its duty to make reasonable inspections."); *Burkowske v. Church Hospital Corp.*, 50 Md. App. 515, 439 A.2d 40 (1981) (To prove liability, an invitee must show that if the owner/occupier had made reasonable inspections, the defect would have been discovered in time to prevent the invitee's injury.). *See also Deering Woods Condo. Ass'n v. Spoon,* 377 Md. 250, 267-68, 833 A.2d 17, 27 (2002) (to show

constructive knowledge, invitee must demonstrate that defective condition existed long enough to permit one under a duty to inspect to discover the defect and remedy it prior to the injury).

*Burkowske* involved a case where a plaintiff was injured when a bench, located in a hospital corridor, collapsed as the plaintiff sat on it. The plaintiff argued that the defendant hospital was negligent in permitting her to sit on bench that it knew or should have known was in a defective and dangerous condition. The Court of Special Appeals affirmed the grant of summary judgment to the defendants. "A key element in this is that the property owner have actual or constructive knowledge (know or should know) of the defective and dangerous condition. Absent such knowledge - - or, more appropriately, evidence of such knowledge - - there is no liability, and thus no right of recovery." *Burkowske*, 50 Md. App. at 522, 439 A.2d at 44-45 (citations omitted).

The *Burkowske* court continued, "[n]or can a mere assertion of what an inspection might have revealed supplant the need for some evidence of what it would have revealed." *Id.* at 523, 439 A.2d at 45. Thus, "[i]t was incumbent upon appellant to produce admissible evidence that (1) appellee failed in its duty to make reasonable periodic inspections of the bench, and (2) had it made such reasonable inspections, it would have discovered a dangerous condition." *Id.*, 439 A.2d at 45 (*citing Smith v. Kelly*, 246 Md. 640, 229 A.2d 79 (1967); *Bona v. Graefe*, 264 Md. 69 285 A.2d 607 (1972); *Chesapeake and Potomac Tel. Co. v. Hicks*, 25 Md. App. 503, 337 A.2d 744, *cert. denied* 275 Md. 750 (1975)). Here, even assuming a duty and breach, there is no record evidence showing that had Defendant made such reasonable inspections, it would have discovered a dangerous condition prior to Plaintiff's injury. Thus, Defendant is entitled to judgment as a matter of law under *Maans* and *Burkowske*.

Plaintiff urges that the "integrity" of the sweep logs raises a question as to whether the aisle of the produce display case was ever inspected. Even if true, the *Maans* court clearly stated that "[u]nder Maryland law, the owner/operator of a store has no duty to an invitee to keep records in order to lighten the invitee's burden of proving negligence." *Maans*, 161 Md. App. at 635, 871 A.2d at 636. In *Maans*, the appellant argued on appeal that "there was no evidence as to when the area where Maans fell was last inspected or cleaned." *Id.* at 634, 871 A.2d at 635. The *Maans* court stated "while it is true that there is no proof as to when the floor was last inspected prior to the accident, that lack of proof, standing alone, is insufficient to prove liability." *Id.*, 871 A.2d at 635. Accordingly, even if the sweep logs lacked "integrity" and Defendant never inspected the floor or the machines, such facts standing alone, are insufficient to prove liability for negligence. As a result, this Court must grant Defendant's summary judgment motion.

**C.   Plaintiff has Failed to Present Record Evidence That Defendant Created the Dangerous Condition.**

Lastly, Plaintiff argues that Defendant's malfunctioning produce case created a hazard. In *Tennant*, the Court of Special Appeals reversed the trial court's grant of summary judgment in favor of the appellee. 115 Md. App. 381, 693 A.2d 370. The appellant slipped and fell in the produce section of a supermarket. At her deposition, appellant said that she slipped on a pile of cabbage leaves that had been swept into a neat pile. While she slipped on the pile of leaves, appellant did not fall. As she was moving sideways from the leaves on the floor, she tripped over an empty box protruding partially from under the cabbage case. Appellant saw neither the leaves, nor the box before her fall as she was looking at the cabbage bin. Appellant testified that she heard the appellee's store manager tell an employee that he had repeatedly told the employee

10

not to leave boxes under the produce stall.

The *Tennant* court found that the appellant alleged "affirmative acts" by the appellee "consisting of sweeping refuse into a pile on the floor and leaving it there, and placing an empty box partially under, and in front of, a produce display case." *Tennant*, 115 Md. App. at 390, 693 A.2d at 375. Notice was not an issue. The court opined that "[i]t follows, at least by inference, that appellee's own employee(s) knew what had been done in sweeping the refuse into a pile and leaving it, and in placing the empty box under the display case." *Id.* at 394, 693 A.2d at 377. Whether the appellee created the dangerous condition was a question of fact for the jury and summary judgment was not appropriate. Here, Plaintiff has not presented record evidence showing affirmative acts or omissions by Defendant's employees in order for this Court to reach that same conclusion.

## IV.  CONCLUSION

The Court finds that no genuine issues of material fact exists and that Defendant is entitled to judgment as a matter of law. For the forgoing reasons, Defendant's Motion for Summary Judgment is GRANTED.

          /s/
Charles B. Day
United States Magistrate Judge

September 22, 2005

CBD:jab

11